# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# at WINCHESTER

| | |
|---|---|
| ROBERT CARLYLE CLANTON, | )<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) No.: 4:15-CV-30-HSM-SKL<br>)<br>) |
| BEDFORD COUNTY JAIL, | )<br>) |
| *Defendant.* | )<br>)<br>) |

## **MEMORANDUM OPINION**

Before the Court is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor and his motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**. For the reasons stated below, however, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Plaintiff states in his complaint that the medical facility at the Bedford County Jail is inadequate, has neglected his need for medical care, and has exhibited a "flagrant disregard for human life," resulting in mutilation of his face. Plaintiff also generally alleges "unhealthy living conditions" at the jail, including specifically "unidentifiable dusts, molds, fungi, rusts, bacteria, and viruses" which plaintiff asserts are detrimental to health. Plaintiff further states that various unnamed conditions at the jail are sub-standard. Plaintiff seeks $2,200,00.00 for his injuries, mental and emotional suffering, and psychological and emotional rehabilitation and therapy.

Bedford County Jail is a building, not a suable entity within the meaning of 42 U.S.C. § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688–90 and n. 55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Marbry v. Correctional Medical Services*, 2000 WL 1720959, at*2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, all allegations against Bedford County Jail fail to state a claim upon which relief may be granted and it is therefore **DISMISSED** from this lawsuit.

Moreover, the complaint would be subject to dismissal for failure to state a claim even if plaintiff had sued a "person" subject to suit under § 1983. Specifically, plaintiff's allegations that the jail medical facility is "inadequate" and has neglected him assert negligence, rather than deliberate indifference. Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. at 837; *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for

3

deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

While plaintiff also alleges that the jail medical facility has exhibited a "flagrant disregard for human life," this allegation is conclusory and unsupported by any specific facts. *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (holding that "in the context of a civil rights claim, . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim") (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1987)); *Nafziger v.McDermott Int'l, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006) (observing that "the court is not required to create a claim for the plaintiff[]") (internal quotation marks and citation omitted); *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir.1996) (instructing courts not to suppose a plaintiff would be able to show facts not alleged or that a defendant has violated the law in ways not alleged).

Likewise, plaintiff's allegations that "sub-standard" conditions, including but not limited to rust, dust, bacteria, viruses, and mold, exist at the jail fail to demonstrate an extreme deprivation which is actionable under the Eighth Amendment. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). In claims regarding conditions of confinement, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992). An extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one

4

that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), *Perryman v. Gra*ves, No. 3:10-MC-109, 2010 WL 4237921, at *3 (M.D. Tenn. Oct. 20, 2010) (collecting cases that stand for the assertion that an allegation of mere exposure to black mold, without additional allegations or evidence of injuries to the plaintiff's health resulting from such exposure, is insufficient to state a claim for violation of the Eighth Amendment).

Accordingly, even if plaintiff had sued a "person" under § 1983, his complaint would still be subject to dismissal for failure to state a claim.

As the complaint fails to state a cognizable § 1983 claim, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because plaintiff is an inmate in the Bedford County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 200 South Jefferson Street, Room 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00),

5

until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Bedford County to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

A separate judgment will enter.

**SO ORDERED**.

                                              */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE

6

Case 4:15-cv-00030-HSM-SKL   Document 3   Filed 07/01/15   Page 6 of 6   PageID #: 18